# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8105 | **DATE** | 11/21/2000 |
| **CASE TITLE** | Byers, et al. vs. Illinois State Police, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Defendants' Motion to Dismiss Count III and Portions of Count IV, to Sever Byers' Remaining Claims [14-1], and to Transfer Byers' Remaining Claims to the Central District of Illinois [14-2] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | NOV 22 2000 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FD-7 FILED FOR DOCKETING 00 NOV 21 AM 9:35 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials KMc | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TAMMRA BYERS and PAULA TREHEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ILLINOIS STATE POLICE, TERRANCE ) <br> GAINER, GENE MARLIN, THOMAS YOKLEY, ) <br> DANIEL KENT, ROBERT JOHNSON, DENNIS ) <br> SLOMAN, KENNETH BOUCHE, JAMES ) <br> COMERIE, STUART ERLENBUSH, and ) <br> DONALD THORPE, individually and in their ) <br> official capacity, ) <br> ) <br> ) <br> Defendants. ) | Case No. 99 C 8105 <br><br> Magistrate Judge Nan R. Nolan <br><br><br><br><br> DOCKETED <br><br> NOV 2 2 2000 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Tammra Byers and Paula Trehey filed a four count Complaint with this Court against the Illinois State Police ("ISP") and various individual members of the ISP alleging violations of Title VII (Count I); Title VII retaliation (Count II); denial of equal protection and due process pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (Count III), and a violation of their First Amendment rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (Count IV). All four counts are based upon the ISP's failure to promote the plaintiffs from the position of Sergeant to Master Sergeant.

This matter is now before the Court on Defendants' Motion to Dismiss Count III and



Portions of Count IV, to Sever Byers' Remaining Claims, and to Transfer Byers' Remaining Claims to the Central District of Illinois, filed on April 3, 2000.

## I. Issues Resolved During the Briefing Process

In their motion, Defendants request that this Court dismiss all of Count III of Plaintiffs' Complaint, which alleges violations of Plaintiffs' due process and equal protection rights under the Fourteenth Amendment pursuant to 42 U.S.C. §§ 1983 and 1985, and the portion of the First Amendment claim in Count IV which raises a conspiracy claim pursuant to 42 U.S.C. § 1985. Defendants argue that the claims under § 1985 are barred by the intra-corporate immunity doctrine. Defendants additionally request in their motion that Plaintiff Byers' claims be severed and transferred to the Central District of Illinois.

The subsequent briefing process this motion has undergone has eliminated many of the issues raised in the initial motion. In their Response, Plaintiffs explain that they did not intend to assert a procedural due process claim in Count III of the Complaint. Plaintiffs also concede that, under the Seventh Circuit case law, their § 1985 claim is barred by the doctrine of intra-corporate immunity.[1] Therefore, Defendants' motion to dismiss is GRANTED as to the due process claim in Count III, and as to the § 1985 claims raised in Counts III and IV.

Plaintiffs also address Defendants' motion to sever and transfer Plaintiff Byers' claims to

---

[1] Plaintiffs somewhat cryptically state that they included the § 1985(3) claim "because they have a good faith argument to present to the Seventh Circuit to overrule its current position . . . [b]ut consideration of this argument is for the higher courts." (Pl.'s Mem. Op. Defs.' Mot. Dismiss at 4.) Plaintiffs cite to a law review article in support of their position. Note, *Agreements Within Government Entities and Conspiracies Under § 1985(3) – A New Exception to the Intracorporate Conspiracy Doctrine?*, 63 U. Chi. L. Rev. 1139 (1996). Because Plaintiffs have not raised this argument here, this Court does not address it.

the Central District of Illinois by submitting the declarations of Paula Trehey and Tammra Byers with their Response. In their Declarations, the Plaintiffs describe their efforts to be promoted from Sergeant to Master Sergeant and the process involved in securing a promotion. Based upon these submissions, Defendants withdraw their motion to sever and transfer in their Reply Brief.[2] Therefore, Defendants' Motion to Sever and Transfer Byers' claims is DENIED.

Defendants' Motion to Dismiss Plaintiffs' Equal Protection claims is therefore the only remaining issue. In their motion to dismiss, Defendants argue that Plaintiffs do not have a viable equal protection claim because they allege "that they were denied promotions due to their conduct, not their membership in a certain class." (Defs.' Mot. to Dismiss, ¶ 3.) Plaintiffs' response to Defendants' arguments regarding the equal protection claim is two- fold. Plaintiffs first respond by stating that one part of their equal protection claim is that Defendants' acted under color of state law to deny them promotions based upon their sex, which Defendants' motion to dismiss does not even address. Plaintiffs also claim that under <u>Village of Willowbrook v. Olech</u>, 120 S.Ct. 1073 (2000), class membership is not a necessary element in an equal protection claim provided the plaintiff alleges intentional differential treatment with no rational basis.

In their Reply brief, Defendants do not address Plaintiffs' contention that their Complaint asserts an equal protection claim based upon sex discrimination. Therefore, to the extent Defendants' motion requests this Court to dismiss Plaintiff's equal protection claim in its entirety, it is DENIED. The only remaining issue is whether Plaintiffs' Complaint sufficiently

---

[2] Defendants do not concede the accuracy of the Plaintiffs' Declarations, but concede that Plaintiffs' Declarations may have "sufficiently allege[d] a company wide policy for purposes of Defendants' motion to sever." (Defs.' Reply Mem. at 5.)

asserts a "class of one" equal protection claim of the type accepted by the Supreme Court in Olech to survive a motion to dismiss.

## II. Plaintiffs' "Class of One" Equal Protection Claim

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not decide the merits of the case. Triad Assocs., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir.1989). In considering a motion to dismiss, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir.1995). A court should not grant a motion to dismiss unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In this case, Plaintiffs allege in their Complaint in Count I (Title VII sex discrimination) that Plaintiff Trehey has been qualified for the position of Master Sergeant from September, 1980 to the present, and that Plaintiff Byers has been qualified for the position from 1997 to the present. (Compl. ¶¶ 21-24.) They allege that they were repeatedly passed over for promotion while Defendants were promoting less qualified males. (Compl. ¶ 27.) In Count II (Title VII retaliation), they assert that they each filed charges of discrimination with the EEOC – Trehey in 1983 and 1999, and Byers in 1998 – which had a further negative impact on their chances of promotion. (Compl. ¶¶ 30-33.) In their equal protection claim in Count III of the Complaint, Plaintiffs reallege all previous allegations in Counts I and II (Compl. ¶ 36), and assert that Defendants' actions were willful, malicious, wanton, and in reckless disregard of Plaintiffs'

rights. (Compl. ¶ 40.)

Generally, the Equal Protection Clause is invoked by individuals who are members of a vulnerable group which is singled out for unequal treatment. However, under both Seventh Circuit and recent Supreme Court case law, an individual, not a part of a discrete class or group, may assert a viable equal protection claim under certain circumstances. See Village of Willowbrook v. Olech, 120 S.Ct. 1073 (2000); Esmail v. Macrane, 53 F.3d 176 (7th Cir. 1995); Indiana State Teachers Ass'n v. Board of School Commissioners, 101 F.3d 1179, 1181-82 (7th Cir. 1996); Ciechon v. City of Chicago, 686 F.2d 511, 522-24 (7th Cir. 1982). In Olech, the Supreme Court held that "where a plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" she has alleged a viable equal protection claim. Id. at 1074. In Esmail, 53 F.3d at 180, the Seventh Circuit held that the clause can be invoked when a person can prove that "action taken by the state, whether in the form of prosecution of otherwise, was a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective."

In Olech, the plaintiff alleged in her Complaint that the Village of Willowbrook intentionally demanded a thirty-three foot easement as a condition of connecting her property to the municipal water supply, when only a fifteen-foot easement was required of other similarly situated property owners. Olech, 120 S.Ct. at 1075. The complaint asserted that this requirement by the Village was "irrational and wholly arbitrary" and that the Village ultimately was able to connect the property to the water supply after receiving the traditional fifteen-foot easement. Id. The Supreme Court found these allegations to be sufficient to state a claim under the equal protection clause. Id.

Defendants argue that this case is controlled by Yatvin v. Madison Metropolitan School District, 840 F.2d 412 (7th Cir. 1988), and that Plaintiffs' claims of retaliation do not fit the mold created by Seventh Circuit and Supreme Court case law of a viable "class of one" equal protection claim. In Yatvin, the plaintiff asserted a claim of equal protection based upon Title VII retaliation for filing charges of sex discrimination. The Seventh Circuit found that "[a]lthough sex discrimination by state agencies has been held to violate the equal protection clause, retaliating against a person for filing charges of sex discrimination is not the same as discriminating against a person on grounds of sex . . . ." Id. at 418. The court found that it was not "plausible that Congress would have wanted to allow a victim of a Title VII violation to bypass the administrative procedures created by the statute . . . and go directly to court, through the illogical expedient of equating discrimination against a person for filing charges of sex discrimination to sex discrimination itself." Id. at 418-19.

Defendants also argue that Seventh Circuit cases subsequent to Olech have interpreted "class of one" equal protection in such a way as to preclude claims such as these. In Hilton v. Wheeling, 209 F.3d 1005 (7th Cir. 2000), the plaintiff sued the Village of Wheeling and members of the police force for violating his constitutional rights to petition the government for redress of grievances and to equal protection under the laws. Hilton and his neighbors had, for seven years, been embroiled in a feud which resulted in constant calls to the police. As a result of these complaints (around eighty during the seven years) Hilton had been cited or arrested approximately fifteen times for violations such as disorderly conduct, battery, and violating noise ordinances. At the same time, Hilton had complained to the police many times about his neighbors for equally serious transgressions, but only once did his complaints result in any action

taken against his neighbors.

The Seventh Circuit, noting that the Supreme Court had affirmed its decision in Olech, acknowledged that Hilton did not have to be a member of a group to invoke the Equal Protection Clause. The court found that "[i]f the police decided to withdraw all protection from Hilton out of sheer malice, or because they had been bribed by his neighbors, he would state a claim under Olech." Id. at 1007. However, the court found that there was no indication of that sort of motive on the part of the police, and that the police were exercising their broad discretion to enforce minor public nuisance laws. Id. The court allowed that the police could have even been "inept" or "deceived by the neighbors," but that it would not have mattered, finding that the dispositive factor was "the absence of evidence of improper motive." Id. Ultimately, the court held that "to make out a prima facie case [in a "class of one" equal protection case] the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." Id. at 1008.

While Plaintiffs' claims of retaliation are very different from any of the other "class of one" equal protection cases this Court has reviewed, the Court can find no reason why these claims should be dismissed at this early stage in the litigation. While Defendants are emphatic that Yatvin controls this issue, the court in Yatvin based its ruling on the assumption that plaintiffs asserting an equal protection claim must be members of a class, finding that retaliation claims are based on the conduct of the actor, not the actor's membership in a particular class. Yatvin, 940 F.2d at 418-19. Defendants, however, ignore the impact of Olech. Olech found that a plaintiff does not have to allege membership in a class or group to assert a valid Equal

Protection Claim, id. at 1074, which undermines the basis for the holding in Yatvin.³

Furthermore, Defendants' contention that subsequent Seventh Circuit cases such as Hilton v. Wheeling, 209 F.3d 1005 (7th Cir. 2000), can be interpreted to preclude "class of one" equal protection claims under these factual circumstances also fails, at least at this stage of the litigation. Hilton holds that, in order to make out a prima facie case of "class of one" discrimination under the Equal Protection Clause, a plaintiff must submit evidence of improper motive which demonstrates that "the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." Id. at 1008. However, Hilton was an appeal of a grant of summary judgment, while this case is only at the motion to dismiss stage. Plaintiffs allege in their Complaint that Defendants' actions were willful, malicious, wanton, and in reckless disregard of Plaintiffs' rights. (Compl. ¶ 40.) The Court believes that these allegations are just barely sufficient to meet Hilton's improper motive requirement.⁴

The Court therefore finds that Plaintiffs have alleged sufficient facts to make out a viable "class of one" equal protection claim, and that Defendants' motion to dismiss this claim should be DENIED.

---

³It may be that the Supreme Court in Olech and Seventh Circuit in its numerous cases accepting "class of one" equal protection claims did not intend to create a cause of action under the Equal Protection Clause based upon Title VII-style retaliation, however, the Court can find nothing in the language of any of these cases which would preclude a plaintiff from bringing this sort of claim.

⁴Should the case reach the summary judgment stage, Plaintiffs will be required to submit evidence which demonstrates that Defendants deliberately sought to deprive them of the equal protection of the laws for personal reasons which were unrelated to their position.

## III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Count III and Portions of Count IV, to Sever Byers' Remaining Claims, and to Transfer Byers' Remaining Claims to the Central District of Illinois is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to Defendants' motion to dismiss Plaintiffs' procedural due process and 42 U.S.C. § 1985 claims. It is **DENIED** as to Defendants' motion to dismiss Plaintiffs' equal protection claims and as to Defendants' motion to sever and transfer Plaintiff Byers' claims to the Central District of Illinois.

E N T E R:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: **NOV 21 2000**