Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8105 | **DATE** | 12/4/2000 |
| **CASE TITLE** | Tammra Byers, et al. vs. Illinois State Police, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter Memorandum Opinion and Order: Plaintiffs' Motion for Leave to File an Amended Complaint Joining Monica Joost as an Additional Plaintiff [28-1] is denied. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 6 2000 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| | Docketing to mail notices. | | VMJ | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/4/2000 | |
| | | | date mailed notice | |
| | KMc courtroom deputy's initials | 00 DEC -5 PM 2: 26 | KMc mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TAMMRA BYERS and PAULA TREHEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ILLINOIS STATE POLICE, TERRANCE ) <br> GAINER, GENE MARLIN, THOMAS YOKLEY, ) <br> DANIEL KENT, ROBERT JOHNSON, DENNIS ) <br> SLOMAN, KENNETH BOUCHE, JAMES ) <br> COMERIE, STUART ERLENBUSH, and ) <br> DONALD THORPE, individually and in their ) <br> official capacity, ) <br> ) <br> ) <br> Defendants. ) | Case No. 99 C 8105 <br><br> Magistrate Judge Nan R. Nolan |

DEC 0 6 2000

## MEMORANDUM OPINION AND ORDER

Plaintiffs Tammra Byers and Paula Trehey filed a four count Complaint with this Court against the Illinois State Police ("ISP") and various individual members of the ISP alleging violations of Title VII (Count I); Title VII retaliation (Count II); denial of equal protection and due process pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (Count III), and a violation of their First Amendment rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (Count IV). All four counts are based upon the ISP's failure to promote the plaintiffs from the position of Sergeant to Master Sergeant.

This matter is now before the Court on Plaintiffs' Motion for Leave to File an Amended

Complaint, filed on September 15, 2000. By this motion, Plaintiffs seek leave to join Monica Joost as an additional Plaintiff to this action. This motion is now fully briefed – Defendants filed their Opposition brief on October 17, 2000, and Plaintiffs filed their Reply on November 13, 2000. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, Plaintiffs' Motion for Leave to Amend will be DENIED.

Plaintiffs seek to join Monica Joost to this action pursuant to Federal Rule of Civil Procedure 21, which provides that "[p]arties may be . . . added by order of the court on motion of any party." Because Rule 21 does not include the standards for proper joinder, courts use the permissive joinder standards contained in Federal Rule of Civil Procedure 20(a), which allow joinder of plaintiffs if their claims "aris[e] out of the same transaction or occurrences and if any questions of law or fact common to all these persons will arise in the action." Fed. R. Civ. P 20(a). Rule 20(a), therefore, prescribes two independent requirements for permissive joinder: 1) a right to relief arising from a single occurrence or series of occurrences, and 2) a common question of law or fact. Randleel v. Pizza Hut of America, Inc., 182 F.R.D. 542, 543 (N.D. Ill. 1998) (citing Harris v. Spellman, 150 F.R.D. 130, 131 (N.D. Ill. 1993)). Both requirements must be satisfied. Id. (citing Grayson v. K-Mart Corp., 849 F. Supp. 785, 787 (N.D. Ga. 1994)).

Plaintiffs' proposed First Amended Complaint seeks to add Monica Joost, asserting that she began working for Defendant on August 26, 1984. (Pls.' First Am. Compl. and Demand for Jury Trial ¶ 27.) Joost was promoted to Master Sergeant on April 30, 1993. (Id.) The Complaint states that she has applied and been well qualified for the position of Lieutenant from April 1993 to the present, but, like Byers and Trehey, has been passed over for promotion while less

qualified males have been promoted. (Id. ¶¶ 28-29.) The Complaint also alleges that Joost filed charges of sex discrimination and retaliation with the EEOC on May 1, 1998 and July 30, 1998, and that her charges contributed to her failure to receive the promotion. (Id. ¶¶ 34, 37-38.) Joost also shares in Byers' and Trehey's First and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983.

Plaintiffs assert that the claims of Byers, Trehey, and Joost share common questions of law, in that they all assert claims of discrimination and retaliation pursuant to Title VII, as well as their claims of violations of the Equal Protection Clause and the First Amendment. Plaintiffs also argue that Joost's claims do arise out of the same series of transactions, in that all three Plaintiffs claim that ISP has a pattern and practice of discriminating against females with respect to the terms and conditions of their employment on account of their sex, and they all also claim that ISP has engaged in a pattern of retaliating against employees who complain about or who oppose discriminatory practices by ISP.

It is clear that the second requirement for joinder under Rule 20(a)– that there are common questions of fact or law – is met. All three Plaintiffs are asserting claims of sexual discrimination and retaliation pursuant to Title VII, as well as First and Fourteenth Amendment claims under 42 U.S.C. § 1983. It is clear that there are common questions of law, and therefore the propriety of allowing joinder turns on whether the relief sought by all three Plaintiffs "arises out of the same transaction or series of transactions." Fed. R. Civ. P. 20(a).

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case-by-case approach is generally pursued because no hard and fast rules have been established." Bailey v. Northern Trust Co., No. 99 C 8311, 2000

WL 1567862, at *2 (N.D. Ill. Oct. 19, 2000). In this case, Plaintiffs allege that Defendants have engaged in a continuing and widespread pattern and practice of discriminating against employees on the basis of their sex and retaliating against employees who complain about or who oppose discriminatory practices. (Pls.' Original Compl. ¶¶ 32, 39.) Plaintiffs allege that they all sought promotion within overlapping time periods, and that the liability period involved in the three cases is nearly the same. They argue that the promotional system at issue is the same for all three women, in that it is statewide and a final decision regarding promotions for both Master Sergeants and Lieutenants is made by the same two top statewide officials – the Deputy Director and the Director of the State Police. Plaintiffs assert that Trehey, Byers, and Joost were considered for promotion through the same systems and were denied promotion by the same statewide officials. According to Plaintiffs, the promotional process for both positions involved an informal and subjective "round tabling" session which influences the numerical evaluation that each candidate receives. Plaintiffs believe there will be considerable overlap of evidence and witnesses for all three cases.

In opposing the motion, Defendants claim that all three Plaintiffs' claims are factually dissimilar. Defendants first maintain that Byers' and Trehey's claims are themselves quite different from one another.[1] Trehey began working for the ISP in 1974 while Byers started in

---

[1] Plaintiffs assert in their Reply Memorandum that Defendants, in their own Reply brief to their Motion to Dismiss and Sever, "conceded that the requirements of permissive joinder had been satisfied" as to Byers and Trehey, and that Joost should also be joined since there is no distinction between the three women's claims. (Pls.' Reply at 1.) First, Defendants did not concede that the standards for permissive joinder had been met, insofar as they challenge the accuracy of Plaintiffs' description of the promotional process and Plaintiffs' identity of the appropriate decision makers involved. Defendants withdrew their motion to sever in order to avoid having to submit counter-declarations, thereby defeating the purpose of a motion to dismiss. Second, even if Defendants has conceded that the standards for joinder has been met, it would not be binding on this Court's determination as to whether the addition of *Joost's* claim would satisfy the standards of Rule 20(a).

1983. Trehey lives and works in the Northern District of Illinois, whiles Byers lives and works in the Central District of Illinois. Trehey has applied for the position of Master Sergeant in the Northern District since 1980, while Byers has applied for the position in the Central District since 1997. Joost, on the other hand, is currently a Master Sergeant with the ISP, having been promoted in April of 1993, and complains that she has been discriminatorily denied the position of Lieutenant since April, 1993 to the present. Joost lives in the Southern District of Illinois.

Defendants claim that the job descriptions for Master Sergeants and Lieutenants vary significantly, and that the two positions were evaluated based on completely different criteria for promotional purposes. According to Defendants, the promotional list for Lieutenants was state-wide prior to 2000, while the promotional list for Master Sergeants is district-wide. Currently the promotional list for Lieutenants is regional. Also, unlike Master Sergeants, Lieutenants must undergo an assessment by outside consultants as a part of the promotional process. This assessment accounts for twenty percent of the Lieutenant candidate's overall score. Defendants also point out that the addition of Joost would add in an additional Defendant, Philip Sylvester, a Lieutenant with the ISP.

An examination of the relevant case law within the Seventh Circuit reveals that courts in this circuit look at a variety of factors under Rule 20(a) to determine if joinder is proper. In Maclin v. Northern Telecom, Inc., No. 95 C 7485, 1996 WL 495558, at *7 (N.D. Ill. Aug. 28, 1996), a Title VII race and sex discrimination case, the court found that the plaintiffs' claims did not arise out of the same transaction or occurrence. In so ruling, the district court noted: 1) the discrimination took place at different times; 2) there was no indication that the discrimination involved the same people; 3) there was no relationship between the terminations; 4) the

termination decisions were not made by the same supervisor or within the same department; and 5) the plaintiffs were not alleging a company-wide policy of discrimination. In Randleel, 182 F.R.D. at 543, a case involving restaurant patrons alleging discrimination claims against a restaurant chain, the court also found that the claims did not result from a series of transactions or occurrences. The court found that "the factual scenarios underlying each incident are different, the times are different, and the people involved are different." The court also noted that the causes of action arose in geographically isolated locations and that the plaintiffs were not alleging a common discriminatory policy or practice on the part of the defendant. In Johnson v. Indopco, Inc., 846 F. Supp. 670, 676 (N.D. Ill. 1994), the plaintiffs raised Title VII race and sexual harassment claims, and the court found those claims to be improperly joined. The court found that one plaintiff, a current employee, had claims which arose out of the defendant's alleged discriminatory action in denying her a promotion to the position of executive secretary to the president because of the plaintiff's race. The other plaintiff was a former employee whose claims both arose from the defendants failure to hire her for an executive secretary position based on her race, and from her allegation of sexual harassment. These alleged violations of Title VII occurred at different times. The court found that the plaintiffs' claims did not arise out the same transaction, and ordered them severed.

In McCleland v. Montgomery Ward & Co., Inc., No. 95 C 237, 1995 WL 374185, at *1 (N.D. Ill. June 21, 1995), a Title VII sexual harassment and retaliation case, the district court did find the three plaintiffs' claims were properly joined under Rule 20(a). The court first noted that the claims arose out of separate incidents of harassment, and that no plaintiff witnessed the other plaintiffs being harassed. The court found that "[t]he fact that each plaintiff alleges she was

harassed by the same supervisor in the same manner is not itself sufficient to establish that the claims arise out of the same transaction or series of transactions." Id. However, the court determined that while the plaintiffs were harassed on separate occasions, they complained to the management collectively. Id. The court also noted that the proof needed for a Title VII harassment claim involved showing that the defendant "knew or should have known about [the] harassment and failed to take appropriate remedial action" and that "[e]vidence of multiple instances of harassment may be admissible to show a corporate defendant's knowledge of employee misconduct." Id. at *1-*2.

A summary of these cases indicates that in causes of action involving discrimination, Title VII or otherwise, courts look to whether the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory actions, whether the discriminatory actions involved the same supervisor or occurred within the same department, and whether there is geographical proximity between the discriminatory actions. All of these elements would factor against allowing these claims to be joined, in that Joost's claims in the instant case, while legally similar to the other two Plaintiffs, involve a different time span, different decision-makers, different geographical area of the state, and a completely different position which involves different promotional procedures and criteria.

On the other hand, two of the cases mentioned above, Maclin and Randleel, note that allegations of a common discriminatory policy or practice, or a company-wide policy of discrimination, could tilt the balance in favor of joinder despite those other factors which might

favor severance.[2] In this case, Plaintiffs do allege that Defendants engaged in a continuing and widespread pattern and practice of discrimination.

However, this is not dispositive. In Bailey, 2000 WL 1567862, at *3-*4, the plaintiffs, five female African-American employees, alleged discrimination pursuant to Title VII and 42 U.S.C. § 1981, on the basis of race. The court found that while each plaintiff worked in the same department of the Defendant company, Northern Trust, no single supervisor was implicated in all five of the plaintiffs' claims, and that the plaintiffs claims extended over a period of fifteen months. The court found there to be no evidence of a policy which affected each plaintiff, or a causal link between the adverse actions taken with respect to each plaintiff. Id. at *3. However, the court found that even if there were a general policy of discrimination, Rule 20(a)'s requirements would not be met:

> Even assuming, without deciding, that plaintiffs' evidence establishes a general hostility toward African-American employees, the court fails to see how such hostility transforms the decisions of the various managers with respect to each of the plaintiffs into one logical transaction or occurrence. Even if plaintiffs demonstrated . . . that the defendant maintained a general bias toward African-American employees, this would fail to support joinder of their cases because "litigation of even any purported general policy of defendant, as it might affect each plaintiff here, would inevitably focus in detail on the separate work histories of each plaintiff."

Id. at *4 (citing Smith v. North Am. Rockwell Corp. Tulsa Div., 50 F.R.D. 515, 522 (N.D. Okla. 1970). The court held that the plaintiffs' claims involved individualized circumstances and did not constitute one logical transaction or occurrence for purposes of Rule 20(a). Id.

---

[2] The Eighth Circuit, in Mosley v. General Motors Corp., 497 F.2d 1330, 1333-34 (8th Cir. 1974), held that a company-wide policy designed to discriminate can satisfy Rule 20(a)'s requirement that the plaintiffs claims arise out of the same series of transactions or occurrences. The Seventh Circuit has not adopted this interpretation, however, some district court cases, including Maclin, have relied upon Mosley for this principle.

In this case, the original Plaintiffs' claims already stretch the limits of what could be considered to be a single logical transaction or occurrence, in that the claims involve plaintiffs who live in different geographical regions, and who are asserting discrimination for different time periods[3] which will implicate different individual decision-makers. The addition of Joost as a third plaintiff will only further attenuate the factual similarities between these plaintiffs' claims, especially in light of the types of claims these plaintiffs are asserting. For example, to establish a prima facie case of employment discrimination in a Title VII failure to promote claim, a plaintiff must establish that: (1) she was a member of a protected group; (2) she applied for and was qualified for the position sought; (3) she was rejected for the position; and (4) the person who was promoted had the same or lesser qualifications than the plaintiff. See Ghosh v. Indiana Dep't of Envtl. Management, 192 F.3d 1087, 1091 (7th Cir.1999). At trial, the Court or jury will have to conduct an individualized inquiry as to each Plaintiff's claims regarding her qualifications for the position of Master Sergeant, and will then have to assess the qualifications of the other applicants who applied in conjunction with each Plaintiff, each time she applied for the promotion.

Although this task will be complicated, it at least involves the use of only one set of promotional criteria and one promotional process – those of the position of Master Sergeant. The addition of Joost would require the assessment of an entirely different set of evaluative standards. Additionally, the promotional process from Master Sergeant to Lieutenant incorporates a

---

[3] Plaintiffs claim that the liability period for all three Plaintiffs is nearly the same, in that Byers filed her first EEOC charges in May 1998, Trehey in January 1999, and Joost in October 1999. However, Plaintiffs' allegations in the proposed First Amended Complaint attached to the Motion to Amend span very different times periods, with Trehey's allegations of discrimination spanning from 1980 to the present, Byers' from 1997 to the present, and Joost's from 1993 to the present.

different geographical region and involves an additional evaluation by outside consultants which consist of twenty percent of the candidate's overall score.

In light of these factual differences between Joost's and the original Plaintiffs' claims, the Court simply cannot read Byers', Trehey's, and Joost's claims as constituting one logical transaction or occurrence, and, therefore, Plaintiffs do not meet the standards of Rule 20(a) of the Federal Rule of Civil Procedure. Plaintiffs' Motion for Leave to file an Amended Complaint Joining Monica Joost as an Additional Plaintiff is DENIED.

ENTER:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 12/4/2000